UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TROY ALLEN HORTON *ex rel.* B.L.H.,

                        Plaintiff,

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

Case # 17-CV-6340-FPG

DECISION AND ORDER

## INTRODUCTION

Troy Allen Horton ("Plaintiff") brings this action on behalf of his minor son ("B.L.H.") pursuant to Title XVI of the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI"). ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c). ECF Nos. 8, 11. For the reasons that follow, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

On November 16, 2012, Plaintiff applied for SSI with the Social Security Administration ("the SSA") on B.L.H.'s behalf. Tr. 148-56.[1] He alleged that B.L.H. had been disabled since January 30, 2004, due to migraines, hypertonia in the legs, shortened calf muscles, left shoulder issues, pervasive developmental disorder, attention deficit hyperactivity disorder ("ADHD"), and

---

[1]     References to "Tr." are to the administrative record in this matter.

anxiety. Tr. 231. On February 10, 2015, B.L.H., Plaintiff, and B.L.H.'s mother testified at a hearing before Administrative Law Judge Michael W. Devlin ("the ALJ"). Tr. 51-76. On April 15, 2015, the ALJ issued a decision finding that B.L.H. was not disabled within the meaning of the Act. Tr. 18-32. On April 5, 2017, the Appeals Council denied B.L.H.'s request for review. Tr. 1-6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Child Disability Standard

An individual under 18 years old will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional

limitations that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner must follow a three-step process to evaluate child disability claims. *See* 20 C.F.R. § 416.924. At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *See id.* at § 416.924(b). If so, the child is not disabled. If not, the ALJ proceeds to step two and determines whether the child has an impairment or combination of impairments that is "severe," meaning that it causes "more than minimal functional limitations." *Id.* at § 416.924(c). If the child does not have a severe impairment or combination of impairments, he or she is "not disabled." If the child does, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* at § 416.924(d). To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) Acquiring and Using Information; (2) Attending and Completing Tasks; (3) Interacting and Relating with Others; (4) Moving About and Manipulating Objects; (5) Caring for Yourself; and (6) Health and Physical Well-Being. *Id.* at §§ 416.926a(b)(1)(i)-(vi).

To "functionally equal the listings," the child's impairment(s) must cause "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* at § 416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities. *Id.* at § 416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with the ability to independently initiate, sustain, or complete activities. *Id.* at § 416.926a(e)(3).

## DISCUSSION

I. **The ALJ's Decision**

The ALJ's decision analyzed B.L.H.'s claim for benefits under the process described above. At step one, the ALJ found that B.L.H. had not engaged in substantial gainful activity since the application date. Tr. 21. At step two, the ALJ found that B.L.H. has the following severe impairments: migraine headaches, hypertonia in the left leg, asthma, anxiety disorder, ADHD, sensory integration disorder, and pervasive developmental disorder/autism spectrum disorder. Tr. 21. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal a Listings impairment. *Id.*

Next, the ALJ found that B.L.H.'s impairments, alone or in combination, did not functionally equal a Listings impairment. Tr. 21-31. Specifically, as to the six domains of functioning, the ALJ found that B.L.H. had "marked limitation"[2] in Health and Physical Well-Being; "less than marked" limitation in Attending and Completing Tasks, Interacting and Relating with Others, Moving About and Manipulating Objects, and Caring for Yourself; and "no limitation" in Acquiring and Using Information. Tr. 26-31. Accordingly, the ALJ found that B.L.H. was not disabled within the meaning of the Act. Tr. 32.

II. **Analysis**

B.L.H. argues that the Commissioner's decision should be reversed because the ALJ's finding that he has a "less than marked" limitation in the Caring for Yourself domain is not supported by substantial evidence. ECF No. 8-1 at 11-15; ECF No. 12. Specifically, B.L.H. asserts

---

[2] The SSA will find that the claimant has a "marked" limitation in a domain when his impairment(s) "interferes seriously" with the "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). In the Health and Physical Well-Being domain, the SSA may also consider the child to have a "marked" limitation if he is frequently ill because of his impairment(s) or has frequent exacerbations of his impairment(s) that result in significant, documented symptoms or signs. *Id.* at § 416.926a(e)(2)(iv).

4

that the ALJ reached this conclusion by improperly evaluating and relying upon the opinion of non-examining state agency pediatrician J. Pauporte, M.D. *Id.*

The Commissioner maintains that substantial evidence supports the ALJ's finding in this domain and that the ALJ properly evaluated Dr. Pauporte's opinion. ECF No. 11-1 at 16-20.

### A. Caring for Yourself Domain

The Caring for Yourself domain focuses on a child's ability to maintain a healthy emotional and physical state, including how well he appropriately meets his physical and emotional wants and needs; how he copes with stress and changes in his environment; and whether he takes care of his own health, possessions, and living area. 20 C.F.R. § 416.926a(k) (effective June 13, 2011 to June 11, 2015).[3] A school-age child like B.L.H. (*i.e.* a child between ages six and twelve) should be independent in most day-to-day activities, like dressing and bathing, although he may need reminders to do them routinely. *Id.* at § 416.926a(k)(2)(iv). The child should begin to recognize that he is competent in some activities and has difficulty with others. *Id.* He should be able to identify circumstances when he feels good and bad about himself. *Id.* The child should begin to develop an understanding of right from wrong and what behaviors are acceptable and unacceptable. *Id.* He should start to demonstrate consistent control over his behavior and be able to avoid unsafe or inappropriate behaviors. *Id.* The child should begin to imitate the behavior of the adults in his life. *Id.*

### B. The ALJ's Analysis of Dr. Pauporte's Opinion

On May 30, 2013, Dr. Pauporte reviewed B.L.H.'s medical record and evaluated his medically determinable impairments and functional limitations. Tr. 77-85. Dr. Pauporte opined

---

[3] The ALJ decided B.L.H.'s case on April 15, 2015, and therefore this is the relevant version of the regulation that applies to this case.

that B.L.H. had "no limitation" in the Acquiring and Using Information domain and "less than marked" limitations in the other five domains. Tr. 82.

In the Caring for Yourself domain, Dr. Pauporte noted that B.L.H. has "[d]ifficulty with any change in routine." Tr. 82. B.L.H. argues that this observation is inconsistent with and does not support Dr. Pauporte's opinion that he has only a "less than marked" limitation in this domain. Because of this inconsistency and lack of support, B.L.H. argues that the ALJ should not have afforded great weight to Dr. Pauporte's opinion.

The SSA's regulations require the ALJ to "evaluate every medical opinion [he] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998); *see also* 20 C.F.R. § 416.927(c). Unless the ALJ gives controlling weight to a treating source's opinion, he must consider several factors when he weighs a medical opinion, including whether it is supported by relevant evidence and a proper explanation. 20 C.F.R. § 416.927(c)(3).

When the ALJ considers whether an opinion from a non-examining source is well-supported and explained, he evaluates the degree to which the opinion considers "all of the pertinent evidence" in the record, including treating and other examining source opinions. *Id.* Because non-examining sources do not evaluate or have a treating relationship with the claimant, the weight the ALJ gives their opinions "will depend on the degree to which they provide supporting explanations." *Id.* Even though a non-examining state agency medical consultant has never personally evaluated the claimant, the ALJ is entitled to rely on their opinions because these consultants are considered "qualified experts" in the Social Security disability field. *See Baszto v. Astrue*, 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010) (citations omitted); *see also Barber v. Comm'r of Soc. Sec.*, No. 6:15-CV-0338 (GTS/WBC), 2016 WL 4411337, at *7 (N.D.N.Y. July 22, 2016)

6

("It is well established that an ALJ may rely on the medical opinions provided by State agency consultants and that those opinion[s] may constitute substantial evidence.") (citations omitted); S.S.R. 96-6p, 1996 WL 374180, at *2 (S.S.A. July 2, 1996).

Here, the ALJ summarized Dr. Pauporte's opinion and afforded it great weight. Tr. 25. The ALJ noted that Dr. Pauporte reviewed B.L.H.'s entire file, including the consultative examination reports and opinions of Dr. Ransom and Harbinder Toor, M.D. Tr. 25; *see also* Tr. 78-80. As to the Health and Physical Well-Being domain, the ALJ determined that B.L.H. was *more* limited than Dr. Pauporte said he was and that B.L.H. had "marked" rather than "less than marked" limitations in that domain. Tr. 25. In all other areas, the ALJ found Dr. Pauporte's assessment "to strike the best balance between the allegations of [B.L.H.]'s mother and grandmother and the opinion of Dr. Ransom on the one hand, and the opinions and reports of [B.L.H.]'s teacher and of Dr. Toor on the other hand." *Id.*

As an initial matter, Dr. Pauporte's opinion that B.L.H. has a "less than marked" limitation in the Caring for Yourself domain is not necessarily inconsistent with his observation that B.L.H. has "[d]ifficulty with any change in routine." Tr. 82. Although this domain focuses on a child's ability to cope with stress and changes in his environment, the fact that B.L.H. has difficulty with changes in routine does mean that he has a "marked" or "extreme" limitation, *i.e.*, that his impairment interferes "seriously" or "very seriously" with his ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. §§ 416.926a(k), (e)(3).

Despite B.L.H.'s assertion to the contrary, the Court finds that the ALJ properly weighed Dr. Pauporte's opinion in accordance with the regulations. The regulations explain that, in the context of non-examining sources, the ALJ should evaluate the degree to which those opinions consider "all of the pertinent evidence" in the record. 20 C.F.R. § 416.927(c)(3). Here, the ALJ

considered the fact that Dr. Pauporte reviewed the relevant evidence in B.L.H.'s record, including Dr. Ransom and Dr. Toor's reports. Tr. 25. The regulations also provide that the ALJ will give more weight to an opinion that is "consistent . . . with the record as a whole." 20 C.F.R. § 416.927(c)(4). Here, the ALJ evaluated the consistency of Dr. Pauporte's opinion with the overall record, particularly the allegations of B.L.H.'s family members, Dr. Ransom and Dr. Toor's opinions, and the report from B.L.H.'s teacher. Tr. 25.

B.L.H. also asserts that the ALJ should not have used Dr. Pauporte's opinion to discount consultative psychiatrist Christine Ransom's opinion (Tr. 459) that he had "moderate to marked" limitation in the Caring for Yourself domain. The ALJ is entitled, however, to discount a medical opinion that he finds inconsistent with the record evidence, like opinions from other medical sources. *See* 20 C.F.R. § 416.927(c)(4).

When an ALJ weighs a medical opinion, he is also entitled to consider "other factors" that "tend to support or contradict" the opinion. *Id.* at § 416.927(c)(6). Here, it is evident that the ALJ considered other relevant circumstances when he weighed Dr. Ransom's opinion and did not discount it solely based on Dr. Pauporte's findings. The ALJ concluded, for example, that Dr. Ransom's opinion only "reflects [B.L.H.]'s level of functioning on the particular day of her examination" because B.L.H.'s behavior was notably worse during Dr. Ransom's evaluation than any other documented examination. *Id.* (citing Tr. 457-60). The ALJ also pointed out that "Dr. Ransom does not have a longitudinal perspective and indeed only had one, brief opportunity to examine [B.L.H.]." *Id.*; *see also* 20 C.F.R. § 416.927(c)(2) (noting that a one-time consultative examination generally does not provide "a detailed, longitudinal picture" of the claimant's impairments). The ALJ also found Dr. Ransom's opinion to be contradicted by the assessments

of B.L.H.'s teachers,[4] "who despite only having observed [B.L.H.] in the school setting, have had a significantly longer period of time to assess [B.L.H.]'s behaviors and overall functioning." *Id.*

For the reasons stated, the Court finds that the ALJ considered the relevant factors when he assessed Dr. Pauporte's opinion and that he adequately explained why he relied on that opinion. Accordingly, the ALJ did not err when he weighed Dr. Pauporte's opinion.

### C. The ALJ's Finding in the Caring for Yourself Domain

B.L.H. argues that the ALJ's assessment of Dr. Pauporte's opinion rendered his finding in the Caring for Yourself domain unsupported by substantial evidence. In this domain, the ALJ found that B.L.H. had a "less than marked" limitation. Tr. 30. The ALJ noted that although B.L.H.'s mother reported difficulties in this area, she also acknowledged that he can use zippers and button clothes independently, tie shoelaces, brush his teeth, bathe independently, eat independently with utensils, obey safety rules, and get to school on time. *Id.* The ALJ recognized Dr. Ransom's opinion that B.L.H. has "moderate to marked" limitation in this domain, but as discussed above, the ALJ discounted this opinion in accordance with the regulations. *Id.* (citing Tr. 77-86, 241-51, 457-60).

The Court finds that the ALJ's conclusion that B.L.H. has a "less than marked" limitation in the Caring for Yourself domain is supported by substantial evidence. In the context of this domain, the regulations provide that a school-age child like B.L.H. should be independent in most day-to-day activities, like dressing and bathing, although he may need reminders to do them routinely. 20 C.F.R. § 416.926a(k)(2)(iv). A Function Report completed in connection with B.L.H.'s application for disability benefits reveals that B.L.H. uses a zipper and buttons clothes

---

[4] B.L.H.'s third grade teacher completed a Teacher Questionnaire wherein she indicated that B.L.H. had no limitations in the functional domains. Tr. 23, 242-49. The next year, B.L.H.'s fourth grade teacher wrote notes indicating that B.L.H. is a "great kid" and a "wonderful boy." Tr. 23, 290, 303.

independently, ties his shoelaces, bathes or showers independently, brushes his teeth, eats with utensils by himself, and gets to school on time. Tr. 224. Dr. Ransom also indicated that B.L.H. can dress, bathe, and groom himself at an age appropriate level "as long as everyone is following the structure." Tr. 459. Additionally, Dr. Toor's report indicates that B.L.H. does his homework and "does chores sometimes." Tr. 452. The regulations also provide that a school-age child like B.L.H. should start to demonstrate consistent control over his behavior and be able to avoid unsafe or inappropriate behaviors. 20 C.F.R. § 416.926a(k)(2)(iv). B.L.H.'s Function Report reveals that he obeys safety rules, such as looking for cars before crossing the street. Tr. 224.

As for the opinion evidence, Dr. Pauporte opined that B.L.H. had a "less than marked" limitation in this domain, which is consistent with the ALJ's conclusion. Tr. 82. B.L.H.'s teacher found that B.L.H. was even less restricted; she indicated that he had no limitations and that his functioning in that domain appeared age-appropriate. Tr. 247. Teachers are "non-medical sources" who "are valuable sources of evidence for assessing impairment severity and functioning." *See* S.S.R. 06-03p, 2006 WL 2329939, at *3 (S.S.A. Aug. 9, 2006). The reports of a child claimant's teacher should be "afforded significant weight" when the reporting teacher had an extended opportunity to observe the claimant's functioning. *Titus ex rel. N.M.C. v. Colvin*, No. 3:12-cv-1056 (MAD/VEB), 2014 WL 897038, at *9 (N.D.N.Y. Mar. 6, 2014) (citation omitted).

Accordingly, based on the record evidence and opinions discussed above, the Court finds that the ALJ's conclusion that B.L.H. has a "less than marked" limitation in the Caring for Yourself domain is supported by substantial evidence.

## CONCLUSION

The Commissioner's Motion (ECF No. 11) is GRANTED and Plaintiff's Motion (ECF No. 8) is DENIED.  Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 11, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court